**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **K.R.W. CONSTRUCTION, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 21-CV-1219-JAR** |
| **STRONGHOLD ENGINEERING INC. AND HARTFORD INSURANCE CO.,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Plaintiff K.R.W. Construction, Inc. ("KRW") filed suit against Defendants Stronghold Engineering, Inc. ("Stronghold") and Hartford Insurance Co. ("Hartford") in the District Court of Seward County, Kansas on August 13, 2021.  Plaintiff brings four claims: breach of contract; violation of the Kansas Fairness in Private Construction Contract Act ("KFPCCA");[1] action on a bond pursuant to K.S.A. § 60-1110; and breach of a surety bond.

Defendants removed the case on September 10, 2021.  Defendants have now filed a Motion to Transfer Venue (Doc. 4) to the United States District Court for the Central District of California, Eastern Division ("California federal court") under the forum-selection clause in the contract between KRW and Stronghold.  In the alternative, they seek dismissal under the doctrine of *forum non conveniens*.  Plaintiff has filed a Motion to Remand (Doc. 8) to the District Court of Seward County.  It contends that the action must be heard in state court.  The motions have been fully briefed,[2] and the Court is prepared to rule.  For the reasons stated in more detail

---

[1] K.S.A § 16-1801 *et. seq.*

[2] Plaintiff also filed an unopposed Motion for Leave to Supplement Record and Offer Additional Evidence (Doc. 21).  The Court grants Plaintiff's motion and deems Exhibit 1 filed as of the date the motion was filed.

below, the Court denies in part and grants in part Defendants' motion to transfer and denies

Plaintiff's motion to remand.

## I.    Factual and Procedural Background

Plaintiff is a Nebraska corporation.  Defendant Stronghold is a California corporation,

with its principal location in Riverside, California and authorized to transact business in Kansas.

Defendant Hartford is a Connecticut corporation that is authorized to issue insurance policies and

surety bonds in the United States and Kansas.

In 2019, Stronghold entered a contract (the "prime contract") with Union Pacific Railroad

Company ("Union Pacific") to provide work and services to improve real property owned by

Union Pacific in Liberal, Kansas in Seward County (the "project").  On or about December 9,

2020, Stronghold and Plaintiff entered an agreement (the "subcontract") for which Plaintiff

would provide work and services for the project.  The subcontract between Plaintiff and

Stronghold contains a provision stating:

> Article XXVIII.  Disputes and Venue: All questions concerning the
> validity, interpretation or performance of any of its terms or
> provisions or of any rights or obligations of the parties hereto shall
> be governed by and resolved in accordance with the laws of the
> State of California.  To the extent a dispute arises under the terms
> of this Subcontract, it shall be deemed to have been executed in
> Riverside County, State of California.  The Subcontractor agrees
> that venue for any action brought to enforce any of the terms and
> provisions of this Subcontract shall be brought in Riverside
> County, State of California.[3]

The project was delayed for several weeks due to inclement weather, issues with soil

preparation, and delivery of materials.  Numerous disputes between Stronghold and Plaintiff

related to the project occurred in April and May 2021.  Pursuant to the subcontract, on March 26,

---

[3] Doc. 4-2 at 10.

2021, Plaintiff requested payment of approximately $100,000.  On April 26, 2021, Plaintiff requested payment of approximately $293,000, which included the previous amount of $100,000 because it had not yet been paid.  In May, Plaintiff contends that it completed its work.  On May 26, 2021, Plaintiff requested payment of approximately $360,000, which included the two previous amounts that had not been paid.  Plaintiff contends that Stronghold has not paid any portion of the amount due and owes Plaintiff approximately $400,000.

On June 21, 2021, Plaintiff filed a mechanic's lien, pursuant to K.S.A. § 60-1101, in the District Court of Seward County.  Plaintiff's mechanic's lien was for the unpaid principal amount of $400,850 under the subcontract.

On July 9, 2021, Stronghold filed suit in the Superior Court for the State of California, County of Riverside ("California state court") against Plaintiff asserting claims for declaratory judgment and breach of contract (the "California action").  On July 16, 2021, Stronghold and Hartford filed an application for the discharge of the mechanic's lien for purposes of bonding off Plaintiff's mechanic's lien ("surety bond") and severing that lien from the project.  The surety bond is in the amount of $400,850.  On August 6, 2021, Plaintiff made a claim on the surety bond and sent notice to Stronghold, Hartford, and Union Pacific.  On August 11, 2021, Hartford sent Plaintiff written notice of denial of its claim on the surety bond.

On August 13, 2021, Plaintiff filed suit in Seward County, Kansas against Stronghold and Hartford asserting four claims.  In Plaintiff's first claim, it contends that Stronghold breached the subcontract.  In the second claim against Stronghold, Plaintiff asserts that Stronghold violated the KFPCCA.  Plaintiff's third claim is against both Stronghold and Hartford and states that it is an action on a bond pursuant to K.S.A. § 60-1110.  In Plaintiff's final claim, it asserts that Hartford breached the surety bond.

Defendants removed the case and have now filed a Motion to Transfer Venue. They seek transfer to California federal court or alternatively that the Court dismiss the action. Plaintiff has filed a Motion to Remand seeking remand to Seward County or alternatively the Court's denial of Defendants' motion to transfer to allow the case to continue in this Court. The Court will consider the two motions in tandem as the parties' arguments overlap.

## II.   Legal Standard

Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction of civil actions where complete diversity of citizenship and an amount in excess of $75,000 (exclusive of interest and costs) in controversy exists. Federal courts are courts of limited jurisdiction, and as such they must have a statutory or constitutional basis to exercise jurisdiction over any controversy.[4] If an action originally filed in state court could have been brought in federal court, it can be removed to federal court.[5]

A mandatory forum-selection clause is properly enforced by a motion to transfer pursuant to 28 U.S.C. § 1404(a)[6] or by a motion to dismiss based on the doctrine of *forum non conveniens*.[7] When the forum-selection clause specifies a different federal forum, transfer under § 1404(a) is appropriate.[8] When the forum-selection clause specifies a state or foreign forum, it

---

[4] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[5] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[6] 28 U.S.C. § 1404(a) requires that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[7] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 61 (2013) ("[Section] 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause and that § 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms.").

[8] *Id.* at 59.

may be enforced through the doctrine of *forum non conveniens*, which requires dismissal if successful.[9]

### III.    Discussion

Defendants assert that this case should be transferred pursuant to 28 U.S.C. § 1404 or be dismissed due to the doctrine of *forum non conveniens* because the subcontract between Stronghold and Plaintiff includes a forum-selection clause providing that venue is in Riverside County, California, in either California federal court or California state court.  Plaintiff also contends that this case should not proceed before this Court in this forum, but seeks remand to Seward County, arguing that the action is only properly brought in that forum.  Plaintiff contends that the subcontract's forum-selection clause is unenforceable because the KFPCCA provides that rights under the KFPCCA cannot be waived or varied by terms of a contract, and the KFPCCA states that venue of any action shall be brought in the county where the real property is located.  Thus, Plaintiff contends that since its dispute involves construction services provided in Seward County, Kansas, it is the proper location for this lawsuit.  Plaintiff also states that to the extent the forum selection clause has any effect, it expresses an intent for the case to be heard in state court, and this Court cannot transfer the case to state court and should keep it.

A.    *Forum-Selection Clause*

1.    *Choice of Law*

The Court must first address the law governing the interpretation of the forum selection clause in the subcontract between KRW and Stronghold.  Defendants cite to federal law, and Plaintiff contends that Kansas substantive law applies in this diversity action.  Neither party

---

[9] *Id.* at 59–60, 66 n.8 ("[W]hen the plaintiff has violated a contractual obligation by filing suit in a forum other than the one specified in a valid forum-selection clause[,] . . . dismissal would work no injustice on the plaintiff.").

contends that California law is applicable to the interpretation of the clause.  The contract, however, provides that "[a]ll questions concerning the validity, interpretation or performance of any of its terms or provisions or of any rights or obligations of the parties hereto shall be governed by and resolved in accordance with the laws of the State of California."[10]

"Because contracts designating a place of jurisdiction or venue may implicate both state substantive law and federal procedural law, courts have struggled with which law to apply, and the Tenth Circuit has not issued a definitive statement regarding the issue."[11]  However, "even when a choice-of-law clause provides that a particular state's substantive law governs the parties' agreement, federal procedural law generally governs the application of clauses designating a place of jurisdiction or venue under motions to dismiss, transfer, or remand."[12]  Decisions from the District of Kansas have determined that

> the effect to be given a contractual forum-selection clause in diversity cases is determined by federal not state law.  Because questions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature, federal law applies in diversity cases irrespective of *Erie Railroad Co. v. Tompkins* . . . .[13]

Thus, the Court will apply federal law in interpreting the parties' contractual forum selection clause.

---

[10] Doc. 4-2 at 10.

[11] *Irsik & Doll Feed Servs., Inc. v. Roberts Enters. Invs., Inc.*, No. 16-1018-EFM-GEB, 2016 WL 3405175, at *3 (D. Kan. June 21, 2016) (citations omitted).

[12] *Id.* (citing *Johnson v. N. States Power Co.*, No. 99-2394-GTV, 2000 WL 1683658, at *3 (D. Kan. Nov. 2, 2000).

[13] *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)); *Herr Indus., Inc. v. CTI Sys., SA.*, 112 F. Supp. 3d 1174, 1178 (D. Kan. 2015) (collecting cases and predicting that the Tenth Circuit would apply federal law to determine the enforceability of a forum-selection clause in diversity case); *Irsik*, 2016 WL 3405175, at *3 (applying federal procedural law in determining the application and interpretation of the parties' forum-selection clause).

2.      *Enforceability*

Even if diversity jurisdiction is satisfied, a valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere.[14]  A forum-selection clause is presumptively valid.[15]  "[A] party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances."[16] "Such clauses are unenforceable only 'if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.'"[17]

Defendants assert that the proper venue is California due to the forum-selection clause. Plaintiff argues that the proper venue is Seward County, Kansas due to its KFPCCA claim. Plaintiff relies on K.S.A. § 16-1801(b) which provides that "[t]he rights and duties prescribed by [the KFPCCA] shall not be waivable or varied under the terms of a contract.  The terms of any contract waiving the rights and duties prescribed by this act shall be unenforceable."  In addition, K.S.A. § 16-1806 of the KFPCCA provides that "[i]n any action to enforce K.S.A. 16-1803, 16-1804, or 16-1805, . . . the court . . . shall award costs and reasonable attorney fees to the prevailing party.  Venue of such action shall be in the county where the real property is located."

At least two decisions from the District of Kansas have addressed a forum-selection clause in conjunction with the KFPCCA.  In *Bowen Engineering, Corp. v. Pacific Indemnity Co.*,

---

[14] *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972); *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir. 1992).

[15] *Riley*, 969 F.2d at 957; *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015).

[16] *Riley*, 969 F.2d at 957 (citations omitted).

[17] *Bowen Eng'g*, 83 F. Supp. 3d at 1190 (quoting *M/S Bremen*, 407 U.S. at 15).

the plaintiff brought claims for breach of contract and unjust enrichment in state court.[18]  It also sought to foreclose on a mechanic's lien filed against the project under the KFPCCA.[19]  The defendants removed the case to the District of Kansas and then filed a motion for judgment on the pleadings and a motion to transfer.[20]  Defendants requested transfer due to a forum-selection clause in the parties' contract providing that they agreed "to resolve its [sic] dispute in state or federal court in Missouri."[21]  The plaintiff argued that the action was "properly brought only in Kansas" due to the KFPCCA, and that venue for its cause of action must be in the Kansas county where the real property was located.[22]

Judge Marten did not directly resolve the issue of whether the forum selection clause was void against public policy because the KFPCCA does "not directly prohibit the use of foreign forum-selection clauses, in contrast to other state construction codes."[23]  Judge Marten then stated that even if the Kansas statute was construed to prohibit the use of forum-selection clauses, he must look to federal law to determine enforcement.[24]  And pursuant to federal law, "[i]nvalidating a forum selection clause because it conflicts with a statutory venue provision ignores the strong countervailing public policy in favor of holding parties to their agreements."[25]

---

[18] *Id.* at 1186.

[19] *Id.*

[20] *Id.* at 1186–87.

[21] *Id*. at 1189.

[22] *Id.* at 1190 (citing K.S.A. §§ 16-1801(b)–1806).

[23] *Id.*

[24] *Id.*

[25] *Id.* at 1190–91 (quoting *Servewell Plumbing, LLC v. Fed. Ins. Co.*, 439 F.3d 786, 791–92 (8th Cir. 2006)).

Judge Marten discussed a Fourth Circuit case with similar facts in determining that the forum-selection clause should be enforced.[26]  Specifically, he considered three factors:  (1) "[n]one of the parties are Kansas citizens"[;] (2) "[t]he parties to the [contract] freely and voluntarily agreed to litigate all matters in" a different forum than Kansas; and (3) "Kansas courts routinely enforce forum selection clauses in other cases, recognizing that 'a mandatory forum selection clause may be enforced if it bears a reasonable relationship to the transaction.'"[27] Judge Marten concluded that the plaintiff's claims were "properly subject to the forum selection clause" in the contract and transferred those claims to Missouri.[28]

In *Herr Industries, Inc. v. CTI Systems, SA*, there was a dispute between parties located in Pennsylvania and Luxembourg over work performed on a project in Kansas.[29]  The parties had a contract with a forum-selection clause designating Luxembourg as the place to bring suit.[30]  The plaintiff filed suit in Kansas asserting claims for breach of contract, unjust enrichment, claim on a bond, and a claim under the KFPCCA seeking interest and attorney fees.[31]

The plaintiff argued that enforcement of the forum-selection clause would violate the public policy of Kansas because § 16-1803(b)(1) of the KFPCCA provided that "any provision in a private construction contract that purports to waive or extinguish procedural rights with litigation to resolve disputes" is "void and unenforceable as against public policy."[32]  Judge

---

[26] *Id.* at 1191–92 (discussing *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010)).

[27] *Id.* at 1192 (quoting *Packard v. Credit Sols. of Am.*, 213 P.3d 437, 441 (Kan. Ct. App. 2009)).

[28] *Id.* at 1194.

[29] 112 F. Supp. 3d 1174, 1176 (D. Kan. 2015).

[30] *Id.*

[31] *Id.* at 1177.  The plaintiff also brought a claim for declaratory judgment that Judge Lungstrum determined was not covered by the forum-selection clause because it did not fall within the scope of the parties' contract.  *Id.* at 1179, 1183–84.

[32] *Id.* at 1180 (citing K.S.A. § 16-1803(b)(1)).

Lungstrum determined that "the Act does not expressly prohibit the use of forum selection clauses in private construction contracts (and no court has held that the Act has that effect); thus, the Act hardly provides a strong statement of a policy against such clauses in such contracts."[33] Judge Lungstrum noted, however, that the provision requiring venue in the location of the real property at issue "arguably provides a stronger statement of a Kansas policy disfavoring forum selection clauses than the Act's anti-waiver provisions."[34]  Nevertheless, he concluded that the "statute does not reflect the 'strong public policy' required to avoid enforcement of the forum selection clause that *M/S Bremen* requires."[35]

Ultimately, Judge Lungstrum found reasoning from previous court decisions, including *Bowen Engineering*, persuasive.[36]  The three factors present in *Bowen Engineering* were also present in *Herr Industries*.  First, the plaintiff was "not a Kansas resident, [thus] any intent of the Kansas Legislature in enacting the KFPCCA to protect the state's own residents is not implicated."[37]  Second, he noted that Kansas courts enforce forum selection clauses, and "[n]either the Kansas legislature nor the Kansas courts have expressly indicated that there is a strong public policy against the enforcement of forum selection clauses in construction contracts."[38]  Continuing, he stated that the KFPCCA "does *not* expressly prohibit the type of forum selection clause at issue in the case, which makes it even more of a leap to declare a strong

---

[33] *Id.*

[34] *Id.* at 1182.

[35] *Id.*

[36] *Id.* at 1180–82 (collecting cases).

[37] *Id.* at 1181–82.

[38] *Id.* at 1182.  When *Herr Industries* was decided, Kansas courts had not issued an opinion on the KFPCCA's forum-selection clause.  As noted below, in 2019, the Kansas Court of Appeals found that the KFPCCA nullified a contractual choice-of-law provision in *Wheatland Contracting, LLC v. Jaco Gen'l Contractor, Inc.*, 57 Kan. App. 2d 236, 450 P.3d 374 (Kan. Ct. App. 2019).

public policy in this case."[39]  Third, he noted that to accept the plaintiff's argument "would override the strong preference under federal law for the enforcement of forum selection clauses, on the basis of the type of provincial attitude decried by the Supreme Court."[40]  Accordingly, Judge Lungstrum enforced the forum selection clause requiring the plaintiff to bring its claims related to the contract in Luxembourg, and dismissed those claims.[41]

Plaintiff acknowledges these two District of Kansas cases, but relies on two Kansas Court of Appeals cases to support its argument that forum-selection clauses waiving statutory mandatory venue provisions violate Kansas's public policy.[42]  The Court will only address *Wheatland Contracting, LLC v. Jaco General Contractor*, as the other case cited by Plaintiff does not specifically address the KFPCCA.[43]  In *Wheatland*, the Kansas Court of Appeals found that a forum-selection clause in a construction contract designating Sedgwick County as the exclusive venue was unenforceable because the project occurred in Johnson County, and § 16-1806 preempted the venue-choice provision in the contract and required suit to be brought in the county where the real property was located.[44]  Thus, it found that the parties had to litigate their dispute in Johnson County because they could not waive the rights and duties in the KFPCCA.[45]

---

[39] *Herr Indus.*, 112 F. Supp. 3d at 1182.

[40] *Id.*

[41] *Id.* at 1183.

[42] *See Kan. City Grill Cleaners, LLC v. BBQ Cleaner, LLC*, 454 P.3d 608 (Kan. Ct. App. 2019); *Wheatland Contracting, LLC*, 450 P.3d at 379.  Both cases were decided after *Herr Industries* and *Bowen Engineering*.

[43] Plaintiff contends that *Kansas City Grill Cleaners* stands for the proposition that a forum-selection clause purporting to waive a mandatory venue provision in a statute violates Kansas's public policy.  In *Kansas City Grill Cleaners*, however, the Kansas Court of Appeals considered a claim brought under the Kansas Consumer Protection Act ("KCPA") and how the venue provision in that statute related to a forum-selection clause in the parties' contract.  454 P.3d at 610.  Although the Kansas Court of Appeals relied in part on its previous *Wheatland* decision and the KFPCCA, the Court finds that *Kansas City Grill Cleaners* is not directly relevant here because it involves the KCPA, a wholly different statute.

[44] *Wheatland*, 450 P.3d at 377–79.

[45] *Id.* at 378–79.

Although the Kansas Court of Appeals made this determination, as Plaintiff concedes, the court did not specifically decide whether bringing suit in a county other than where the real property was improved violated Kansas public policy.  Furthermore, the Kansas Court of Appeals was aware of and discussed *Bowen Engineering* and *Herr Industries* in its opinion. Specifically, the court found that these decisions were inapplicable because "the federal courts applied federal rather than state law."[46]  It explained the federal courts' concern "that accepting exclusive venue in Kansas would override the strong preference under federal law to enforce forum selection clauses" and stated that "[t]he concerns present in both federal cases [were] not present [in the case before it.]"[47]  In addition, the court noted that the parties in the case before it were both Kansas companies and did not agree to an out-of-state forum which was unlike the out-of-state parties in both *Bowen Engineering* and *Herr Industries*.[48]  Thus, although the Kansas Court of Appeals in *Wheatland* found a contractual venue-selection clause unenforceable due to the KFPCCA, the same facts are not present here, and more importantly, the Court must apply federal law.

The factors deemed important in both *Bowen Engineering* and *Herr Industries* are also present in this case.  First, none of the parties are Kansas citizens.  Instead, Plaintiff is a Nebraska corporation, and Defendants are incorporated in California and Connecticut.  Next, as previously noted in *Herr Industries* and *Bowen Engineering*, "Kansas courts routinely enforce forum selection clauses in other cases, recognizing that 'a mandatory forum selection clause may

---

[46] *Id.* at 378.

[47] *Id.*

[48] *Id.* at 378–79.

be enforced if it bears a reasonable relationship to the transaction.'"[49]  Here, the forum-selection

clause bears a reasonable relationship to the transaction at issue between the parties—specifically

whether Plaintiff or Stronghold breached the subcontract.  Finally, Plaintiff and Stronghold

voluntarily entered into the subcontract containing the forum-selection clause specifically

providing that "venue for any action brought to enforce any of the terms and provisions of this

subcontract shall be brought in . . . California."[50]  As expressed by the United States Supreme

Court, a court "should not unnecessarily disrupt the parties' settled expectations," and in "all but

the most unusual cases, . . . the 'interest of justice' is served by holding parties to their

bargain."[51]

  3. *Scope of the Covered Claims*

  Defendants contend that all claims arise directly out of the terms and provisions of the

subcontract.  Plaintiff does not directly address this contention.  Instead, it simply argues that the

forum-selection clause is not valid due to the KFPCCA and thus implicitly argues that all claims

are covered by the clause.  The forum-selection clause in the contract provides that "venue for

any action brought to enforce any of the terms and provisions of this Subcontract shall be

brought in Riverside County, State of California."[52]  When considering the four claims asserted

in Plaintiff's Complaint, every one of them relate to and arise from the terms and provisions of

the subcontract.

---

[49] *Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1192 (D. Kan. 2015) (quoting *Packard v. Credit Sols. of Am.*, 213 P.3d 437, 441 (Kan. Ct. App. 2009)); *Herr Indus., Inc. v. CTI Sys., SA*, 112 F. Supp. 3d 1174, 1182 (D. Kan. 2015).

[50] Doc. 4-2 at 10.

[51] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 66 (2013).

[52] Doc. 4-2 at 10.

The first claim, breach of contract, is clearly covered by the clause.  Plaintiff's second claim brought under the KFPCCA asserts that Stronghold violated the KFPCCA by failing to pay Plaintiff in accordance with the Act.  Plaintiff's claim, however, relies on the subcontract because Plaintiff asserts that it stayed on schedule pursuant to the subcontract.  This contention necessarily requires an interpretation of the terms and provisions of the subcontract to determine whether Plaintiff did indeed stay on schedule.  Thus, the KFPCCA claim relates to and arises from the terms and provisions of the subcontract as well.

Plaintiff's third and fourth claims are for action on a bond and breach of the surety bond. They too require an interpretation of the terms and provisions of the subcontract.  Plaintiff alleges that it stayed on schedule pursuant to the subcontract and Plaintiff is entitled to payment under it.  Thus, Plaintiff alleges that it is entitled to the money secured by the bond. Accordingly, all claims are covered by the forum-selection clause.

The Court notes one additional consideration on this matter.  The first two claims are only asserted against Stronghold.  The third claim is asserted against Stronghold and Hartford. And the fourth claim is only asserted against Hartford.  Hartford is not a party to the subcontract between Stronghold and Plaintiff.  Hartford, however, joins in the motion to transfer.  Plaintiff does not address the issue.

As noted in *Bowen Engineering*, "[a] nonsignatory party may still invoke such a [forum selection] clause 'if [its] relationship [to] the signatory is sufficiently close so that the nonparty's enforcement of the forum selection clause is foreseeable by virtue of the relationship between the signatory and the party sought to be bound.'"[53]  In this case, Hartford issued the surety bond, and

---

[53] *Bowen Eng'g*, 83 F. Supp. 3d at 1189–90 (quoting *Magi XXI, Inc. v. Stato Della Citta Vaticano*, 818 F. Supp. 2d 597, 605–06 (E.D.N.Y 2011).

Hartford and Stronghold filed the surety bond for the purpose of discharging Plaintiff's mechanic's lien on the project. The surety bond is in the amount of $400,850—the amount that Plaintiff asserts it is owed under the subcontract. Thus, Plaintiff's suit against Hartford is based on the actions of Stronghold, and Harford would be an intended beneficiary of the forum selection clause in the subcontract. Accordingly, Hartford may invoke the forum-selection clause in the subcontract.

        4.     *Federal or State Forum*

The next question is whether the forum-selection clause permits venue in California federal court or if venue must lie in California state court. The forum selection clause at issue provides that "[t]he subcontractor agrees that venue for any action brought to enforce any of the terms and provisions of this subcontract shall be brought in Riverside County, State of California."[54] Defendants contend that venue is appropriate in either federal or state court because the parties agreed that all actions be initiated, or brought, in a specific forum—Riverside County, California—which is home to both the Superior Court for the State of California and the United States District Court for the Central District of California, Eastern Division. Plaintiff asserts that venue is only appropriate in state court.

Plaintiff relies on *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.* for support that the forum-selection clause does not include federal court.[55] In *Excell*, the Tenth Circuit considered a forum-selection clause providing that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado."[56] The Tenth Circuit stated that "[f]or federal court purposes, venue is not stated in terms of 'counties.' Rather, it is stated in terms of 'judicial

---

[54] Doc. 4-2 at 10.

[55] 106 F.3d 318 (10th Cir. 1997).

[56] *Id.* at 320.

districts.'"[57]  Thus, it found that "[b]ecause the language of the clause refers only to a specific county and not to a specific judicial district, . . . venue is intended to lie only in state district court."[58]

Defendants attempt to distinguish *Excell* by arguing the forum-selection clause here provides that any action concerning the subcontract "*shall be brought* in Riverside County, California"[59] rather than providing that venue "*shall lie* in the County of El Paso, Colorado."[60] The Court finds the distinction in terms insignificant.  It does not change the proposition that venue for federal court purposes is generally stated in terms of judicial district while venue for state court purposes is generally stated in terms of county.  And the provision states that any action shall be brought in "Riverside County, California."

Defendants also cite the Tenth Circuit's opinion in *American Soda, LLP v. U.S. Filter Wastewater Group, Inc*. in an attempt to distinguish the forum-selection clause.[61]  In *American Soda*, the forum-selection clause provided that the parties would "submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado . . . shall be the exclusive forum for the resolution of any disputes."[62]  The Tenth Circuit stated that the issue was one of sovereignty versus geography.[63]  "If the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty.  If, on the other hand, it encompasses . . . state courts and the federal court sitting in the [state], it is a term of

---

[57] *Id*. at 321 (citing 28 U.S.C. § 1391)).

[58] *Id*.

[59] Doc. 4-2 at 10.

[60] *Excell*, 106 F.3d at 320.

[61] 428 F.3d 921 (10th Cir. 2005).

[62] *Id*. at 924.

[63] *Id*. at 925.

geography."[64]   In deciding the issue, the Tenth Circuit noted a Fifth Circuit decision in which

that court concluded "that although federal district courts may be *in* [a state], they are not *of* [a

state.]"[65]   Ultimately, the Tenth Circuit found that the forum-selection clause did not include

federal courts when it stated "the Courts of the State of Colorado . . . shall be the exclusive

forum"  because "the federal court located in Colorado is not a court *of* the *State* of Colorado but

rather a court *of* the *United States of America*."[66]   Thus, the Tenth Circuit found that "the

contract language at issue refers to sovereignty rather than geography."[67]

Here, the Court acknowledges that the clause at issue states "venue for any action

brought to enforce any of the terms and provisions of this subcontract shall be brought *in*

Riverside County, State of California."[68]   This clause, however, does not reference *courts* in a

state.  Thus, there is not a question whether the court is *in* or *of* the state.  Instead, the clause

provides that venue shall be brought in a specific *county*.   "If the contract describes the forum

using counties, such wording can strongly point to state court."[69]   And the Tenth Circuit in *Excell*

specifically rejected the defendant's argument that the clause "venue shall lie in the County of El

Paso, Colorado" could reasonably be interpreted to include the federal district court that sat in El

Paso County because "venue is not stated in terms of 'counties.'"[70]

In addition, in *Milk 'N' More Inc. v. Beavert*, the Tenth Circuit determined that a forum-

selection clause stating that "venue shall be proper under this agreement in Johnson County,

---

[64] *Id.* (citations omitted).

[65] *Id*. at 926 (citing *Dixon v. TSE Int'l Inc.*, 330 F.3d 396, 398 (5th Cir. 2003)).

[66] *Id.*

[67] *Id.*

[68] Doc. 4-2 at 10.

[69] *Irsik & Doll Feed Servs., Inc. v. Roberts Enters. Invs., Inc.*, No. 16-1018-EFM-GEB, 2016 WL 3405175, at *6 (D. Kan. June 21, 2016) (citing *Milk 'N' More Inc. v. Beavert,* 963 F.2d 1342, 1346 (10th Cir. 1992)).

[70] *Excell, Inc. v. Sterling Boiler & Mechanical, Inc.*, 106 F.3d 318, 321 (10th Cir. 1997).

Kansas" was reasonably clear, and that "the wording strongly points to the state court of that county."[71]  In addition, several District of Kansas decisions have reached the same conclusion, finding that a forum-selection clause does not include federal courts if it states that venue shall be *in* the *county* of a state.[72]

Finally, the other provisions in Article XXVIII supports the Court's conclusion.  Article XXVIII provides that "[t]o the extent a dispute arises under the terms of this Subcontract, it shall be deemed to have been executed in Riverside County, State of California."[73]  And it provides that "[a]ll questions concerning the validity, interpretation or performance of any of its terms or provisions or of any rights or obligations of the parties hereto shall be governed by and resolved in accordance with the laws of the State of California."[74]  This choice-of-law provision provides more support that the forum-selection clause means venue in California state court.[75]  In sum, the

---

[71] 963 F.2d at 1345–46.  The Tenth Circuit noted a District of Colorado case as particularly persuasive in its opinion.  *Id.* at 1346 (citing *Intermountain Sys. Inc. v. Edsall Constr. Co.*, 575 F. Supp. 1195, 1198 (D. Colo. 1983)).  The venue clause in *Intermountain* provided that "venue shall be in Adams County, Colorado," and the court rejected the contention that the clause could be interpreted to include the federal district court for the District of Colorado.  *Id.*  That clause is similar to the clause at issue here.

[72] *Irsik*, 2016 WL 3405175, at *6 (finding that the clause "mandatory venue for any action . . . shall be in Gray County, Kansas" did not encompass federal district court); *Double A Home Care, Inc. v. Epsilon Sys., Inc.*, 15 F. Supp. 2d 1114, 1116 (D. Kan. 1998) (finding that the phrase "action shall be venued in the County of Ramsey, State of Minnesota" meant exclusively state courts).

Defendants direct the Court to a District of Utah decision, *Tyrrel v. Maskcara Indus., Inc.*, 438 F. Supp. 3d 1279 (D. Utah 2020), in which the court found that the clause "[j]urisdiction and venue of any matter not subject to arbitration shall reside exclusively in Washington County, State of Utah" encompassed the federal court in Washington County.  The District of Utah stated that it believed the Tenth Circuit's *American Soda* opinion regarding the terms *of* and *in* would change the Tenth Circuit's previous *Excell* analysis.  *Id.* at 1286–87.  Specifically, the court stated that "[u]nder the *American Soda* analysis, the *Excell* clause ('jurisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado') is clearly geographical," and "*Excell* would not have been remanded to state court under the *American Soda* analysis."  *Id.* at 1287.  The District of Utah then determined that "*in* Washington County, State of Utah" was a "geographical specification, rather than identification of a particular sovereign."  *Id.*  This case is not binding on this Court, and the Court respectfully disagrees with the conclusion.  In addition, the contractual clause before the District of Utah contains slightly different language than the contract in this case.  Specifically, the contract provided that "jurisdiction and venue . . . shall reside," and the court additionally found that the term "reside" was a "geographical term."  *Id.*

[73] Doc. 4-2 at 10.

[74] *Id.*

[75] The Court also notes that despite Defendants' argument that venue encompasses the federal court located in Riverside County, Defendants did not file its suit in California federal court but instead brought it in California

Court finds that the forum selection clause does not encompass federal court and only includes the California state court in Riverside County, California.

The Court notes one final consideration on the clause.  Although the parties do not specifically address whether the clause is mandatory or permissive, the use of the word "shall" demonstrates that it is a mandatory forum-selection clause requiring suit to be brought in California.[76]  Thus, the Court concludes that the forum-selection clause is mandatory requiring suit to be brought in California state court.

B.      *Forum Non Conveniens*

There is a valid forum selection clause requiring suit to be brought in California state court, specifically in Riverside County.  Because the Court finds that the forum is in state court, it cannot transfer the action pursuant to 28 U.S.C. § 1404.[77]  The Court, therefore, must consider whether dismissal is appropriate under the doctrine of *forum non conveniens*.  When considering a typical motion based on *forum non conveniens*, the Court weighs various private and public interest factors to determine whether transfer or dismissal "would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'"[78]  The analysis is different, however, where the parties' contract involves a forum-selection clause.  The forum-

---

state court—the Superior Court for the State of California, County of Riverside.  This fact also lends further support that the venue clause means the California state court located in Riverside County.

[76] *Am. Soda LLP v. U.S. Filter Wastewater Group, Inc.*, 428 F.3d 921, 927 (10th Cir. 2005) ("[W]hen venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory."); *Excell*, 106 F.3d at 321 (finding that a clause stating that "venue shall lie" is a mandatory forum-selection clause); *Milk 'N' More Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("The use of the word 'shall' indicates a mandatory intent unless a convincing argument to the contrary is made.").

[77] *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59–60 (2013).

[78] *Id.* at 63 (quoting 28 U.S.C. § 1404); *see also Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967)).  The Court notes that Defendants do not address these factors.  They primarily argue that transfer to the California federal court is appropriate, but in the alternative, that the Court should dismiss based on *forum non conveniens*.

selection clause should be "given controlling weight *in all but the most exceptional cases*."[79]
Plaintiff, as the party opposing the forum-selection clause, bears the burden of establishing that
the clause should be ignored.[80]  In addition, the Court does not consider the traditional private
interest factors, but instead should address the public-interest factors only.[81]  Plaintiff's burden is
to show that the "public-interest factors overwhelmingly disfavor a transfer."[82]  Relevant public-
interest factors may include "the administrative difficulties flowing from court congestion; the
local interest in having localized controversies decided at home; [and] the interest in having the
trial of a diversity case in a forum that is at home with the law."[83]

Plaintiff argues that these factors weigh in favor of allowing the case to proceed in this
Court.   Plaintiff points to statistics about court congestion and notes that the Superior Court of
Riverside County, California has many more cases pending per judge than the District of Kansas.
Although this contention may be true, a case regarding the same breach of contract issue has
already been proceeding for approximately nine months in the Superior Court of Riverside
County.  Indeed, there would be an administrative difficulty in allowing two lawsuits to continue
in different jurisdictions on the same facts and same claim.

Next, Plaintiff argues that the State of Kansas has a strong interest in resolving this
dispute because it involves real property located in Kansas.  Yet, the dispute here is primarily
over a breach of contract.  Although the property is located in Kansas, there are no issues

---

[79] *Atl. Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Richo Corp.*, 487 U.S. 22, 33 (1988)) (emphasis added).

[80] *Id.*

[81] *Id.* at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum.").

[82] *Id.* at 67.

[83] *Id.* at 62 n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)) (alteration in original).

involving the property, and instead the issue is over the appropriate amount due under the contract.  In addition, none of the parties are from Kansas.

Plaintiff also contends that Kansas has a strong public policy that prevents Plaintiff's claims from being heard in another state.  As noted above in the discussion regarding the enforceability of the forum-selection clause, the KFPCCA does not specifically prohibit forum-selection clauses in contracts.  In addition, although Plaintiff contends Kansas law applies to certain issues in this case, California law applies to certain issues as well, given the choice-of-law provision in the subcontract.  The forum-selection clause in the contract between the parties provides that "[a]ll questions concerning the validity, interpretation or performance of any of its terms or provisions or of any rights or obligations of the parties hereto shall be governed by and resolved in accordance with the laws of the State of California."[84]  Plaintiff agreed to this provision and should not be able to avoid its applicability simply because it does not like the term now.

The Court acknowledges that Plaintiff brings a KFPCCA claim in this case, and it is a relevant factor because it involves Kansas law.  It is also relevant whether this claim would be precluded in California—Defendant may argue before the Court in California that Plaintiff cannot bring this claim in California.[85]  That issue, however, is not currently before the California state court.  In response to Plaintiff's motion to dismiss the California action, Stronghold argued that to the extent there is a question of whether Plaintiff can recover attorney fees under the KFPCCA, that is a choice-of-law question not at issue on the motion to dismiss

---

[84] Doc. 4-2 at 10.

[85] As noted earlier, Plaintiff filed a motion for leave to supplement the record (Doc. 21) to include Stronghold's response to Plaintiff's motion to dismiss in the California litigation, and the Court deems that exhibit already filed.

before the California state court.[86]  Thus, although the KFPCCA claim and its interplay with Kansas law is a relevant factor, it does not overwhelmingly disfavor litigation in the California state court.  Furthermore, the Court finds that ignoring the contractual forum-selection clause would not serve the public's interest in holding parties to their contractual obligations.  In sum, Plaintiff does not meet its heavy burden of demonstrating that the public-interest factors overwhelmingly disfavor the California state court from hearing this matter.  Thus, the Court enforces the forum-selection clause and must dismiss without prejudice under the doctrine of *forum non conveniens*.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Transfer Venue (Doc. 4) is **denied in part** and **granted in part**.  This case will not be transferred to California federal court but is instead dismissed without prejudice under the doctrine of *forum non conveniens*.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (Doc. 8) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Leave to Supplement Record and Offer Additional Evidence (Doc. 21) is **granted**, and the Court deems Exhibit 1 filed as of the date the motion was filed.

**IT IS SO ORDERED.**

Dated: April 18, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[86] *See* Doc. 21 at 22.  Stronghold also disputed that Kansas law applies, but contended that if Kansas law applies, the California court could apply it.  *Id.*